UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DELAUREN GORDON,

        Petitioner,

Case No. 2:06-CV-246

v.

HON. ROBERT HOLMES BELL

GERALD HOFBAUER,

        Respondent.

                                 /

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION AND
## DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner DeLauren Gordon's objections to the Magistrate Judge's July 10, 2009, Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be denied. The R&R was duly served on the parties.

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court

proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the Magistrate Judge's conclusion that his attorney did not perform ineffectively when he failed to request a jury instruction regarding the reliability of accomplice testimony as to witness Eli Evans. Upon *de novo* review, the Court agrees with the Magistrate Judge's determination that the failure to request such an instruction did not meet either the performance or the prejudice prong of the ineffective assistance of counsel inquiry under *Strickland v. Washington*, 466 U.S. 688, 687-88 (1984).

Petitioner also objects to the Magistrate Judge's conclusion that counsel did not perform ineffectively when he failed to object to the trial court's erroneous statement that Stewart, who testified under a grant of immunity, faced four years' imprisonment rather than twenty. Upon *de novo* review, the Court agrees with the Magistrate Judge that Petitioner failed to show that, "but for" this error, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Finally, Petitioner objects to the Magistrate Judge's conclusion that a certificate of appealability should not issue. Upon *de novo* review the Court agrees with the Magsitrate Judge that Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 36) are **DENIED**.

**IT IS FURTHER ORDERED** that the July 10, 2009, Report and Recommendation of the Magistrate Judge (Dkt. No. 35) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: August 18, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE